UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLARA SIMIEN** | **CASE NO. 2:25-CV-00568** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WALMART INC** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 19) filed by Walmart, Inc. ("Walmart") wherein Walmart moves for summary judgment in its favor as to Plaintiff, Clara Simien's claims.

## BACKGROUND

On or about August 20, 2024, Plaintiff was shopping in Walmart when she allegedly slipped in a wet and/or slippery substance on the ground. Ms. Simien described the substance as clear in color.[1]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[1] Defendant's exhibit A, Clara Simien deposition, p. 28:25.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Walmart moves to dismiss Plaintiff's claims because Plaintiff has failed to present any factual evidence that Walmar created or had actual notice of the alleged drop of grease that caused Plaintiff to slip.

To prove liability against a merchant, plaintiff, who is alleging an injury sustained on a merchant's premises, has the burden of proving those elements set forth in Louisiana Revised Statute 9:2880.6. Section B thereof provides that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove each of the above three elements. Failure to prove any element will defeat a plaintiff's claim. *White v. Walmart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97).

Here, Plaintiff argues that Walmart created the condition which allegedly caused her injuries, prior to the occurrence. Specifically, Plaintiff attempts to prove that Walmart's chicken bags leak, and that Walmart created that condition and knew that it regularly occured. As such, Plaintiff maintains that she has met her burden of whether Walmart created (or actually knew) of the hazardous condition that caused the accident.

Plaintiff relies on an Affidavit of Walmart employee, Delisa Orphey[2] who describes the process in which the employees handle the rotisserie chickens. Plaintiff focuses on the part of the process wherein a "second employee then assists with dating and wiping the zip-lock bag of any excess chicken juice and/or grease (if there is any) that may have occurred from the transfer of the rotisserie chicken into the zip-lock bag."[3] Plaintiff also points to the affidavit where an "[e]mployee pick up each zip-lock bag containing a rotisserie chicken one at a time to transfer it from the cart to the hot case and individually check and inspect the bags to make sure they are sealed tight and not leaking."[4]

Plaintiff suggests that this process is an admission that the rotisserie chicken bags leak and that the leakage was foreseeable. Plaintiff argues that the fact that two different employees are included in the process equates to Walmart creating an unreasonably dangerous condition. Plaintiff relies on snapshots, the first at 4:29:07[5] where there is no evidence of a grease spot, and the other at 4:29:43, a customer is depicted looking at a bagged rotisserie chicken. At 4:29:59, Plaintiff circles a small spot on the floor where the customer previously stood.  Then Plaintiff shows a screen shot at 4:30:05, of Plaintiff traversing that area and slipping on what purports to be the liquid from the chicken previously mentioned.

Additionally, Plaintiff submits an affidavit of Christen Nail with an attached 10-second video, which appears to be purposefully videoed to depict a leaking chicken.  Ms.

---

[2] Defendant's exhibit F.
[3] *Id.* ¶ 10.
[4] *Id.* ¶ 12.
[5] Defendant's exhibit C1, snapshot of surveillance video.

Nail attests that she went to the same Walmart to purchase a rotisserie chicken but there was only one in the warmer that was "somewhat older," so she requested a "fresh one." Afterwards, she continued shopping with her "fresh" rotisserie chicken that eventually started leaking.[6] Noting that the video was made just four (4) days prior to the deadline for Plaintiff's objections to the instant Motion for Summary Judgment, Walmart objects to the submission of this video as it appears to be an attempt at a reconstruction of the subject accident. Walmart complains that the video taken of Ms. Nail and her "fresh" rotisserie is not similar to the subject accident. For instance, the 10-second videos shows Ms. Nail "holding a bag hanging from her hand and moving it up and down to intentionally cause the bag to drip."[7] Walmart contends that the video is self-serving in an attempt to manipulate the desire outcome. Additionally, Walmart argues that a lay person attempt at accident reconstruction is inappropriate, and furthermore, the video clip and Affidavit are irrelevant to Plaintiff's cause of action, and the probative value of said evidence is outweighed by its prejudicial effect. The Court agrees with Defendant and finds that the video clip and Affidavit are not appropriate summary judgment evidence and as such will not be considered by the Court.

Walmart's motion is grounded on the fact that Plaintiff has failed to establish notice and/or constructive notice. It is undisputed that only 10 seconds lapsed between the spill and Plaintiff's slip; Walmart also notes that Plaintiff did not fall but only slipped. Plaintiff argues that Walmart created the hazardous condition and that it knew it sold leaking

---

[6] Plaintiff's exhibit A, Docs. 1-1 and 1-2.
[7] Defendant's reply, p. 2, Doc. 22.

chicken bags, thus, Walmart had actual notice of the condition prior to Plaintiff's accident. Plaintiff relies solely on the process in which the rotisserie chickens were unpacked, inspected, and transported to the rotisserie warmer for sale. Walmart argues that what is fatal to Plaintiff's claim is the absence of evidence (1) of leaking rotisserie chicken bags prior to the subject incident that was a continuing problem, (2) prior incidents that involved slips and falls from leaking chickens, (3) a vice or defect in the chicken bags, and/or (4) that Walmart was aware there was a problem with leaking chicken bags.

As noted by Defendant, under Louisiana Revised Statute 9:2800.6, if a condition is created by a merchant, then the Plaintiff is relieved of proving notice. Plaintiff's argument is that because Walmart had a procedure to check for grease on the outside of the bag, and also a process to clean the outside of the bag, then Walmart created the hazardous condition.

Walmart cites *Matlock v. Brookshire Grocery Company*, No. 53,069-CA, 11/20/2019, 285 So.3d 76 (La. App. 2 Cir.), wherein a plaintiff slipped in watermelon juice. The juice came from watermelons on display and plaintiff argued the store created the condition by the way they stocked and displayed the watermelons. The Court dismissed plaintiff's "created the condition" argument and stated:

> Matlock asserts there is a genuine issue of fact as to whether store employees negligently created an unreasonably hazardous condition and whether store employees had constructive notice of the existence of the specific puddle in which he slipped. First, relying exclusively on Baker's deposition, Matlock argues Brookshire's procedures for purchasing, storing, inspecting, and displaying watermelons resulted in the potential for watermelon juice to leak onto the floor and created a hazardous condition for customers; therefore, Brookshire undeniably created the puddle in which Matlock slipped. Matlock asserts the evidence supports Brookshire had knowledge that leaking

> watermelon juice was a recurrent and chronic problem, yet Brookshire failed to inspect the watermelons prior to displaying them and periodically thereafter, and it also failed to place an absorbent material beneath the watermelon bin. He argues that accordingly, a reasonable fact finder could conclude the store created the hazardous condition by failing to eliminate or reduce the risk of watermelon juice leaking into the aisle.
>
> This argument blurs the lines of the elements of proof required by La. R.S. 9:2800.6. Matlock's assertions regarding Brookshire's creation of the puddle actually address the reasonable care element of subsection B(3). Matlock's argument suggests a merchant's failure to exercise reasonable care is the equivalent of a merchant creating a dangerous condition. However, such an interpretation would nullify subsection B(3) of the statute.

*Id.* at 82. See also *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So.2d 910 (La. App. 1 Cir. 5/14/99), *writ denied,* 748 So.2d 444 (La. 10/1/99) wherein Plaintiff argued that the store failed to exercise reasonable care in creating the hazardous condition because it knew that customers who sampled the salad would spill or drop it on the floor. The court granted and the appeal court affirmed the grant of summary judgment in favor of the store finding there was no evidence that crab was on the floor due to an act by a store employee, nor did the store have notice, or that the store created or had actual or constructive notice of the salad on the floor.

Due to the absence of evidence to create a genuine issue of material fact, the Court finds that Plaintiff has failed to establish Walmart had actual notice or constructive notice. The Court further finds that Plaintiff has failed to establish that Walmart created a hazardous condition, or failed to exercise reasonable care.

## **CONCLUSION**

For the reasons explained herein, the Court will grant Motion for Summary Judgment (Doc. 19) filed by Walmart, Inc. ("Walmart") and dismiss the instant lawsuit with prejudice.

**THUS DONE AND SIGNED** in chambers on this 19th day of February, 2026.

**JAME D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**